
EOD
10/16/2015

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| IN RE:<br>**James Kelly Grant**<br>**Sheri Ann Grant**<br>SSN(s): **xxx-xx-9236, xxx-xx-0676**<br>3771 Fox Road<br>**Gilmer, TX 75644**<br><br>            *Debtor(s)* | CASE NO:  **15-20058**<br>Chapter 13 |

## ORDER CONFIRMING CHAPTER 13 PLAN AND RELATED ORDERS

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of Creditors Meeting held pursuant to Section 341 of the Bankruptcy Code, and all objections to confirmation of the Plan, The Court finds:

1. Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. § 341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002; and

2. All scheduled creditors have been served with a copy of the Debtor's Plan or summary thereof in accordance with Rule 3015; and

3. The Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title; and

4. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan, or, in the alternative

   a. The Plan provides that the holder of such claim retain the lien securing such claim; and

   b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or

   c. The Debtor has surrendered or abandoned the collateral securing such claim; or

   d. The treatment of the claim complies with 11 U.S.C. § 1322(b)

## IT IS THEREFORE ORDERED THAT:

1. The Debtor's Plan dated      **8/20/2015**      as filed or as amended is CONFIRMED subject to the allowance of claims herein and the Trustee's Recommendation Concerning Claims which shall be filed within 30 days of the latter of entry of this Order or the deadline for all creditors (including a government unit) to file a claim. With respect to all claims allowed or not yet allowed at the time of execution of this Order, said claims are subject to the Trustee's Recommendation Concerning Claims as follows:

   I. (a). The Trustee, the Debtor, and the Debtor's attorney shall examine proofs of claim or summaries thereof and shall object to the allowance of improper claims as provided by Rule 3007.

   (b). The Trustee shall file and serve all parties in interest with the Trustee's Recommendation Concerning Claims within thirty (30) days of the latter of entry of this Order or the claim filing deadline for all creditors (including a government unit). Such Trustee's Recommendation Concerning Claims shall include the Trustee's objections to claims, if any, recommendations as to the extent and validity of each creditor's security interest, if any, and recommendations as to the value of any collateral not previously valued by the Court. The Trustee's Recommendation Concerning Claims shall be deemed to be an objection to claims, a motion to value any such collateral, and an action to determine the validity of each creditor's security interest or an action to avoid any such security interest as set forth therein.

   (c). Unless an objection or response is timely filed as to the treatment of any claim, the claim will be allowed only in the manner and amount listed in the Trustee's Recommendation Concerning Claims, and such treatment will be final and binding on all parties without further order of the Court.

II. (a). The Chapter 13 Trustee shall review all claims and the feasibility of the Plan prior to filing the Trustee's Recommendation Concerning Claims. If at that time the Plan is no longer feasible, the Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If forty-five (45) days after the service of the Trustee's Recommendation Concerning Claims the Plan remains infeasible, the Trustee shall file a Motion to Modify the Plan and/or a Motion to Dismiss the case.

(b). Further, if at any time during the term of the Chapter 13 case, a claim is allowed which makes the Plan infeasible, the Chapter 13 Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If the Plan remains infeasible for forty-five (45) days after such notice, the Trustee shall file a Motion to Modify the Plan and/or an alternative Motion to Dismiss the case.

III. At the time of the issuance of an Order Confirming a Plan in this case, the time for filing claims in this case may not have expired. Consequently, the Court specifically reserves the right in the future to:

(a). Alter or sustain an objection to the secured status of a claim filed as secured either before or after the entry of this Order Confirming Plan, and value the collateral securing any such claim to the extent not previously valued herein or otherwise by the Court;

(b). Enter a Final Order after notice and hearing on any responses or objections to the Trustee's Recommendation Concerning Claims, and on any additional objection(s) to claims timely filed by a party in interest;

(c). At any time during the pendency of this case, entertain a motion to alter or sustain an objection to the secured status of a claim filed as secured after the bar date for filing claims has expired, or to value the collateral securing any such claim to the extent not previously valued by the Court.

(d). Reduce, if necessary to ensure compliance with LBR 2016(h), the amount of attorney fees to the debtor's attorney due to the absence of a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

IV. All creditors having allowed secured claims (whether filed before or after an Order Confirming Plan is entered) shall be treated in accordance with section 1325(a) (5), except as otherwise specifically set forth herein. The collateral securing creditor's claims provided for under the Debtor's Plan is hereby valued by the Court at the values set forth below.

(a). When the value of the collateral securing a timely filed proof of claim of any taxing authority differs from the value shown on the Debtor's Plan, the Trustee will use the value shown on the creditor's proof of claim. All parties will be noticed of this valuation through the Trustee's Recommendation Concerning Claims and disputed valuations may be resolved by the Court, by agreement or objection.

(c). In those instances, if any, where an objection was filed to the treatment of a creditors claim, including the valuation of collateral as provided in the Debtor's Plan, the Court through this order hereby determines the treatment shall be as set forth in exhibit 'A' attached, if any.

(d). In the event a creditor timely files a proof of claim which evidences a perfected security interest in collateral which was not specified by the Plan and not previously valued by the Court, such collateral will be valued by the Court at the value set forth in the Trustee's Recommendation Concerning Claims to be filed herein, unless a response to such Trustee's Recommendation Concerning Claims is timely filed. Such Trustee's Recommendation Concerning Claims is to be filed and served within thirty (30) days of the latter of entry of this Order or the deadline for filing proofs of claims herein (including a government unit). Responses to such Trustee's Recommendation Concerning Claims must be filed within the time and in the manner provided in such Trustee's Recommendation Concerning Claims.

(e). The valuation of collateral by the Court as set forth above shall not relieve a secured creditor from the duty to file a proof of claim in order to be paid under the Plan. Further, such valuation shall not preclude any party from objecting to the amount claimed by any such creditor, or from bringing an action to determine the extent of validity of such creditor's security interest or to avoid any such security interest.

2. The Debtor(s) shall pay the sum of **Variable\*** per month for **60** payments together with any income Tax refunds that the debtor receives during the life of the plan for a total of **$15,375.00** to:

*If variable payments are indicated, see Exhibit "B" - Variable Plan Payments for the monthly amounts.*

**John Talton**
**PO Box 734**
**Tyler, TX 75710**

Beginning **5/22/2015** and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or as set forth in the Trustee's Recommendation Concerning Claims.

3. The Trustee shall make disbursements pursuant to the provisions of the Plan, this Order, or as set forth in the Trustee's Recommendation Concerning Claims, Section 1326 of the Bankruptcy Code and shall pay only such claims which have been allowed by the Court. The Trustee shall make such disbursements monthly, unless otherwise provided for by the Plan, but shall not be required to pay any dividend in an amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Court or the Standing Chapter 13 Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

☑ Check this box if Additional Provisions are attached

Signed on 10/16/2015

*[signature: Bill Parker]*

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE

**/s/ Carol Cross Stone**
*Carol Cross Stone, Attorney for Debtor*

**10/6/2015**
**Date**

```
/s/ John J. Talton
Chapter 13 Trustee
```

## Additional Provisions of the Plan

**Tax Returns/Tax Refunds**

All future tax refunds which Debtor(s) receive during the term of the plan, starting with the tax refund, if any, to be received for the tax year 2015, shall be turned over to the Trustee within ten (10) days of receipt of such, to the extent said refunds exceed $2400, and shall be added to the plan base. Whether or not a tax refund is due, Debtor(s) shall provide a copy of their tax return to the Trustee within ten (10) days of filing such during the term of the Plan.

**Timing of Collection of Trustee Fees**

Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of 28 USC 586(e)(2) in the percentage amount as fixed by the United States Trustee.

**Trustee's Recommendation Concerning Claims**

Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

**Adequate Protection Payments**

Notwithstanding any other provision to the contrary of debtors plan or this Order Confirming Chapter 13 Plan and Related Orders, the Pre-confirmation adequate protection payments set forth in paragraph 6(A)(i) of Debtors Chapter 13 Plan shall continue each month in the amount set forth therein after confirmation of debtors' plan in advance of payment of Debtors' Attorney's Fees set forth in paragraph 4(B) of Debtors Chapter 13 Plan. Said monthly payments referenced herein shall continue to those creditors set forth in paragraph 6(A)(i) of debtors plan until attorneys fees are paid in full at which time the Post Confirmation Payments set forth in paragraph 6(A)(ii) shall commence.

**Fixed Monthly Payments**

Notwithstanding any provision herein to the contrary, the monthly payment to a particular creditor as set forth herein Paragraph 6 of the Plan shall constitute fixed monthly payments to that creditor as required under the provisions of 11 U.S.C. 1325(5)(B)(iii)(I), not an average monthly payment.

**TD Auto Finance LLC**

See attached letter agreement. TD Auto shall have an allowed, secured claim paid at 5.25%. TD Auto shall receive adequate protection of $54.00 to be paid in months 1-3. Beginning month 4, TD Auto shall receive set and equal payments of at least $125.00 per month.

**CNH**

See attached agreement. CNH will have an allowed, secured claim of $1,400 paid at 4.25% through the chapter 13 plan.

**Replacement Value not Set At Confirmation**

Notwithstanding any provision herein to the contrary, the value(s) of the collateral securing the claims, if any, as set forth in paragraph 6(A)(ii)(b) of this Chapter 13 Plan are not determined upon the entry of this Confirmation Order, unless an agreement regarding such value is attached to this Order. In the absence of any such attachment, such value shall be established pursuant to each creditor's secured proof of claim pertaining to any such collateral, subject to subsequent modification by the entry of an order resolving any objection to such secured proof of claim or resolving a party's separate motion to value the particular collateral pursuant to 11 USC 506 and Bankruptcy Rule 3012.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

IN RE:  **James Kelly Grant**                              CASE NO  **15-20058**
        **Sheri Ann Grant**
        *Debtor(s)*                                         CHAPTER  **13**

# EXHIBIT "B" - VARIABLE PLAN PAYMENTS

## PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 05/22/2015 | $375.00 | 21 | 01/22/2017 | $250.00 | 41 | 09/22/2018 | $250.00 |
| 2 | 06/22/2015 | $375.00 | 22 | 02/22/2017 | $250.00 | 42 | 10/22/2018 | $250.00 |
| 3 | 07/22/2015 | $375.00 | 23 | 03/22/2017 | $250.00 | 43 | 11/22/2018 | $250.00 |
| 4 | 08/22/2015 | $250.00 | 24 | 04/22/2017 | $250.00 | 44 | 12/22/2018 | $250.00 |
| 5 | 09/22/2015 | $250.00 | 25 | 05/22/2017 | $250.00 | 45 | 01/22/2019 | $250.00 |
| 6 | 10/22/2015 | $250.00 | 26 | 06/22/2017 | $250.00 | 46 | 02/22/2019 | $250.00 |
| 7 | 11/22/2015 | $250.00 | 27 | 07/22/2017 | $250.00 | 47 | 03/22/2019 | $250.00 |
| 8 | 12/22/2015 | $250.00 | 28 | 08/22/2017 | $250.00 | 48 | 04/22/2019 | $250.00 |
| 9 | 01/22/2016 | $250.00 | 29 | 09/22/2017 | $250.00 | 49 | 05/22/2019 | $250.00 |
| 10 | 02/22/2016 | $250.00 | 30 | 10/22/2017 | $250.00 | 50 | 06/22/2019 | $250.00 |
| 11 | 03/22/2016 | $250.00 | 31 | 11/22/2017 | $250.00 | 51 | 07/22/2019 | $250.00 |
| 12 | 04/22/2016 | $250.00 | 32 | 12/22/2017 | $250.00 | 52 | 08/22/2019 | $250.00 |
| 13 | 05/22/2016 | $250.00 | 33 | 01/22/2018 | $250.00 | 53 | 09/22/2019 | $250.00 |
| 14 | 06/22/2016 | $250.00 | 34 | 02/22/2018 | $250.00 | 54 | 10/22/2019 | $250.00 |
| 15 | 07/22/2016 | $250.00 | 35 | 03/22/2018 | $250.00 | 55 | 11/22/2019 | $250.00 |
| 16 | 08/22/2016 | $250.00 | 36 | 04/22/2018 | $250.00 | 56 | 12/22/2019 | $250.00 |
| 17 | 09/22/2016 | $250.00 | 37 | 05/22/2018 | $250.00 | 57 | 01/22/2020 | $250.00 |
| 18 | 10/22/2016 | $250.00 | 38 | 06/22/2018 | $250.00 | 58 | 02/22/2020 | $250.00 |
| 19 | 11/22/2016 | $250.00 | 39 | 07/22/2018 | $250.00 | 59 | 03/22/2020 | $250.00 |
| 20 | 12/22/2016 | $250.00 | 40 | 08/22/2018 | $250.00 | 60 | 04/22/2020 | $250.00 |

# WILCOX LAW, PLLC

P.O. Box 201849
Arlington, Texas 76006
- - - - - -
2201 N. Collins St., Suite 210B
Arlington, Texas 76011
- - - - - -
817-870-1181 (fax)
817-870-1694 (direct)
**swilcox@wilcoxlaw.net**

STEPHEN G. WILCOX

July 9, 2015

**VIA EMAIL/FACSIMILE**
Carol Stone
1118 Judson Road
Longview, TX 75601

RE:   JAMES & SHERI GRANT; CASE NO. 15-20058-BP-13

Dear Mr. Stone:

We filed an Objection to Confirmation on behalf or our client, TD Auto Finance LLC ("Creditor"), with regard to the 2008 Dodge Ram 1500, vehicle identification number 1D7HA18228S506611, Account Number ending in 9476. We can resolve the objection if you agree to the following:

1. Creditor shall have an allowed secured claim of $5,452.95 which will be paid at 5.25% interest. Creditor shall retain its lien on the collateral described herein until the payment in full of the underlying debt owed to Creditor determined under non-bankruptcy law or the discharge of the Debtor(s) under 11 U. S.C. §1328, whichever is earlier. The parties agree that Creditor is oversecured and that any value set forth in the Chapter 13 Plan shall not be binding upon Creditor for any purpose.

2. Notwithstanding any other provision to the contrary in Debtors' Plan or the confirmation order, Creditor shall receive adequate protection payments of $54.00 to be paid in months 1-3. Thereafter, Creditor will receive set and equal payments of at least $125.00 per month, beginning in month 4 and continuing each consecutive month, until the allowed secured claim is paid in full. All payments to Creditor shall be paid prior to any monthly disbursement on any administrative or priority claims save and except the Chapter 13 Trustee's commission. Month one is defined as the first month a payment is due to the Trustee pursuant to 11 U.S.C. §1326(a)(1).

If this is agreement is acceptable, please sign below and return this letter to me as soon as possible. Additionally, please present the signed letter agreement to the Chapter 13 Trustee to attach to the Confirmation Order. Thank you very much.

Sincerely yours,

*Steve Wilcox*

Stephen G. Wilcox

/s/Carol C. Stone
_____
Carol Stone
953-00703-388111



carolStone <carol@crossstone.com>

# James Grant 15-20058
2 messages

---

**WRIGHT Steven (CNH Indu81rlal)** <steven.vmght@cnhind.com>  Thu, Jul 9, 2015 at 7:24 AM
To: CarolStone <carol@crossstone.com>

Good Morning Attorney Stone,

Please advise if you will be filing an amended plan or noting in the order confirming the plan the increased CNHi treatment to $1,400 @ 4.25% in the James Grant case 15-20058.

Thank you,

Steve


Steve Wright, HRBK Analyst

CNH Industrial Capital America LLC


*This Message, the information contained herein and its attachments are confidential and are intended only for the persons or organizations to whom they are addressed. Distributing, copying, or performing any other action involving this information is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete the message from all computer and server applications.*


From: WRIGHT Steven (CNH Industrial)
Sent: Friday, June 26, 2015 7:08 AM
To: 'CarolStone'
Subject: RE: FW: 15-20058 Grant


Good Morning Attorney Stone,

CNHi will accept the $1,400 @ 4.25%. Will you be amending the plan or noting it in the order confirming the plan? Please advise when you get a free moment.

Thank you,

Steve


Steve Wright, HRBK Analyst